IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN PETERSON,

    Plaintiff,

v.

    Civil Action 2:22-cv-2046
    Judge Michael H. Watson
    Magistrate Judge Kimberly A. Jolson

ATHENS CITY SCHOOL DISTRICT, et al.,

    Defendants.

## ORDER AND
## REPORT AND RECOMMENDATION

Pro se Plaintiff filed a Motion to Proceed *in forma pauperis* (Doc. 2), in connection with his Complaint (Doc. 3). When evaluating a motion to proceed without prepayment of fees, the Court also conducts an initial screen of the Complaint pursuant to 28 U.S.C. § 1915(e). To enable this review, the Court must be able to discern whether Plaintiff has stated a viable claim. Because the Court was unable to perform that review, Plaintiff was ordered to file an amended complaint on or before July 14, 2022. (Doc. 8). That deadline has passed, and Plaintiff failed to comply. Consequently, although Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) is **GRANTED**, it is **RECOMMENDED** that this case be **DISMISSED**.

**I.    Motion For Leave to Proceed *in forma pauperis***

Upon review, Plaintiff has satisfied the standard to proceed without the payment of fees in this matter, and his Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

**II.    Dismissal Under 28 U.S.C. § 1915(e)**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss any portion of the Complaint that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("Even if a

non-prisoner pays the filing fee and/or is represented by counsel, the complaint must be screened under §1915(e)(2)."). While true that *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."

Previously, the Court concluded that Plaintiff's complaint was too vague and frivolous for the Court to discern what federal claims he was attempting to bring. (Doc. 8). His allegations seem to arise, in part, from events that took place at his son's school. Plaintiff also alleges claims related to his apartment complex, including issues with his internet service, repairs, and pests. But his Complaint does not state specific allegations for each Defendant nor make clear what violation of law he is asserting based on the alleged conduct.

Under the Federal Rules of Civil Procedure, a complaint must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)–(3). All claims must be set forth in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b), and "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1).

The Court provided this guidance to Plaintiff and sent a copy of the Pro Se Handbook to him. (Doc. 8). The Court also gave Plaintiff time to amend his complaint. (*Id.*). He did not. And, as it stands, Plaintiff's complaint must be dismissed for failure to state a claim. *See* 28 U.S.C. §1915(e)(2).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Proceed *in forma pauperis* is **GRANTED**, but it is **RECOMMENDED** that this case be **DISMISSED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a de novo determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: August 31, 2022   s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE